In the Matter of the Claim of PAULINE FRIEDMAN, Respondent, v. FAMOUS BEVERAGES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision which attributed decedent's fatal coronary occlusion to his work activities, found to have "entailed greater strain and exertion than the ordinary wear and tear of life". The work effort, commencing at about 8:00 A.M. on the day preceding decedent's death, consisted of unloading from a truck and carrying to private homes and apartments, in the course of house to house deliveries, cases of beverages weighing about 40 pounds each, two at a time being carried occasionally; and in carrying back to the truck, and at the end of the day unloading and carrying empty cases, normally two at a time, weighing from 10 to 15 pounds each. At about 3:00

P.M. decedent complained of back pain but continued working; and at about 5:00 P.M. after he had worked for 10 or 15 minutes unloading cases at the employer's warehouse, his coemployees noticed that he was pale and perspiring, and one of them told him to stop working and took him outside to sit down in the open air until he went home, where he died about 12 hours later. Decedent's treating physician related decedent's death to the work effort as did another cardiologist. The latter reported " that because the deceased continued to work after the first attack of pain he started a coronary thrombosis which progressed and became worse with the load of further work"; and testified that the later episode at the warehouse "certainly added its weight", contributing to "the dislodgement of arteriosclerotic plaque with the formation of a thrombosis and definite damage to the myocardium which ultimately resulted in death in comparatively short time." The case is clearly within the frame of the authorities sustaining awards predicated upon exertion of this nature (see, e.g., *Matter of Domash* v. *Standard Coat, Apron & Linen Serv.*, 11 A D 2d 575, affd. 9 N Y 2d 889); and is also within the purview of the cases holding that such a "' continuance of work involving physical exertion after * * * an attack * * * is a sufficient identification of the event in time and circumstance, to constitute an accident where * * * followed soon after by a serious coronary condition and both are associated by medical opinion.'" (*Matter of Cuvelier* v. *Fairbanks & Walvoord*, 6 A D 2d 920, 921, and cases there cited.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.